### JOSEPH FOSTER *vs.* ROBERT G. SHAW & others.

Under counts in assumpsit for money lent, money had and received, money paid, and interest, the plaintiff filed, as a bill of particulars, an account stated between himself and the defendant, charging the defendant with the amount of certain promissory notes signed by the defendant, and overdue more than six years, with the interest accrued thereon, at the foot of which account was an acknowledgment that the balance of the account was due, signed by the defendant within six years of the commencement of the action; and the defendant pleaded the statute of limitations, and also an adjustment and settlement of " the said notes." *Held,* that the action was brought on the notes, and not upon an account stated. And the notes having been made prior to the 1st of August 1838, although the charges of interest and the defendant's acknowledgment of the correctness of the account were of a later date, it was further held, that a certifi-cate of discharge under the insolvent law of 1838 was no bar to the action.

REVIEW of a judgment rendered by the court of common pleas for this county at March term 1851, for $2,308.45 and costs, in favor of Robert G. Shaw & Co. against Joseph Foster, who had previously been in partnership with Adolphus Durant and Seth Dewing, under the firm of A. Durant & Co.

The original action was commenced on the 6th of January 1851. The writ contained common counts in assumpsit for goods sold and delivered, work done and materials provided, money lent, money had and received, money paid, and interest, under which a bill of particulars was filed, commencing as follows :

" Messrs. Robert G. Shaw & Co. in account with the late firm of A. Durant & Co
Dr.
1838.
Nov. 3. To amount of Heywood & Norton's note paid this day • $542.27
1839.
July 12. " Balance to new account • • • • • • • 1,228.63

$1,770.90

Cr. •
1838.
Feb. 16. By Seth Dewing's note due this day • • • • $500.00
March 4 " A. Durant & Co.'s note due this day • • • 388.66
Apr. 7. " Seth Dewing's note due this day • • • • 275.00
16. " " " " " " " . • • • • 500.00
1839.
July 12. " Balance of interest • • • • • 107.24

$1,770.90."

The remainder of the account consisted of a computation of interest, making rests on the 17th of August 1841, and on the 5th of April 1844, and showing a balance due, on the 5th of June 1845, of $1,716.32; and at the foot of the account was the following acknowledgment:

" Boston, June 5th 1845.  We the subscribers, partners in the late firm of A. Durant & Co., acknowledge the above account to be correct, and a balance due R. G. Shaw & Co. of seventeen hundred sixteen and $\frac{32}{100}$ dollars, on interest from this date.

"Joseph Foster."

Foster was defaulted; and at June term 1851, this review was granted by the court of common pleas, and the execution issued on the judgment was stayed, on his giving bond to pay all that should be recovered on the final trial of the review.

At the same term, Foster pleaded the general issue, and specified, among other grounds of defence, 1. The statute of limitations; 2. That Adolphus Durant was the real plaintiff, and that there had been " a settlement of all the concerns of the partnership of A. Durant & Company, in which settlement the said notes were included and were therein adjusted and allowed to said Durant, and he was thereby and by force of said settlement bound to pay the same as to said Foster, and to indemnify the said Foster therefrom."

At December term 1852, an additional answer was filed, setting forth a certificate of discharge, granted to Foster on the 21st of December 1852, from all his debts, founded on any contract made since the 1st of August 1838, and due to persons who were resident within the Commonwealth on the 22d of January 1852, being the day of the first publication of notice in the proceedings in insolvency under which the discharge was obtained.

On the trial of the review in the court of common pleas, at September term 1854, before *Bishop,* J. it was in evidence, among other things not material to the points of law decided, that the notes described in the bill of particulars were held by the defendants in review on account of a debt due them from the firm of A. Durant & Co. which was dissolved soon after these

13 *

notes were given ; that this debt had not been paid ; but that the plaintiff in review, within six years of the commencement of the original action, signed and delivered to the defendants in review the acknowledgment set forth in the bill of particulars.

The plaintiff in review contended that his discharge in insolvency was a good defence to this action. But the judge ruled that, under the circumstances of this case, it was no defence.

The plaintiff in review also contended that his acknowledgment was not sufficient to take the demand out of the operation of the statute of limitations, because it was signed by him alone. But the judge ruled that if the acknowledgment was signed by him after the dissolution of the partnership, and was delivered by him to the original plaintiffs, within six years from the commencement of the original action, without any condition that it should be of no effect unless his former partners signed it, it was a sufficient reply to the defence of the statute of limitations.

The jury returned a verdict for the defendants in review, and the plaintiff in review alleged exceptions.

*J. W. Perry,* for the plaintiff in review. If the debt in dispute might have been proved in any shape against Foster's estate in insolvency, no judgment can now be rendered against him, making him liable to pay that debt, and thus depriving him of the benefit of his discharge ; the defendants in review not having acquired any vested right in, or lien upon his property. *St.* 1838, *c.* 163, § 7. *Loring* v. *Eager,* 3 Cush. 188. *Morris* v. *Briggs,* 3 Cush. 342. *Davenport* v. *Tilton,* 10 Met. 320. *Foster* v. *Plummer,* 3 Cush. 381. Rev. Sts. *c.* 99, §§ 7, 8.

The demand set forth in the bill of particulars might have been proved in insolvency against Foster's estate ; for his acknowledgment, made since the passage of the insolvent law, constitutes a new contract, of which the old debt was the consideration. *Tanner* v. *Smart,* 6 B. & C. 606. *Bell* v. *Morrison,* 1 Pet. 371. *Jones* v. *Moore,* 5 Binn. 577. *Danforth* v. *Culver.* 11 Johns. 146. *Bangs* v. *Hall,* 2 Pick. 368. Angell on Lim. (3d ed.) §§ 211, 231. Besides ; the account contains a substantive credit, of a date subsequent to the insolvent law, and

also several charges of interest, computed on the balance due on the account at the time of making each rest, and the correctness of which Foster has admitted by his acknowledgment, as by a special agreement to pay the balance due on the 5th of June 1845. The stating of an account is in the nature of a new promise. *Holmes* v. *D' Camp*, 1 Johns. 34. It was not necessary, in order to maintain the action, to prove the notes or other items of the account, but only to prove the settlement, and the promise to pay the balance thereby appearing to be due.

But if the claim in the account was merged in the judgment sought to be reviewed, that judgment might be sued, notwithstanding the granting of a review and stay of execution; *Gifford* v. *Whalon*, 8 Cush. 428; and upon the same principle, might be proved in insolvency, subject to the results of the review.

*J. G. Abbott*, for the defendants in review. Foster's discharge in insolvency, obtained since the judgment sought to be reviewed, is no bar to this action; for the object of a review is to ascertain whether the judgment was right, and not whether there has been a subsequent discharge of the cause of action; and the creditor who has been deprived, by the stay of execution, of the means of enforcing his judgment, should not utterly lose it by a subsequent discharge, by operation of law, over which he has no control. *Foster* v. *Plummer*, 3 Cush. 381. The fact, that the execution had not been actually levied, cannot affect the case.

But the discharge would have been no bar to the original action, even if obtained before judgment; for the notes on which it was brought were all given previously to the passage of the insolvent law of 1838; and the acknowledgment was not evidence of a new contract, but only a revival of the original notes. *Ilsley* v. *Jewett*, 3 Met. 439. *Way* v. *Sperry*, 6 Cush. 241. *Baxter* v. *Penniman*, 8 Mass. 133. *Sullivan* v. *Holker*, 15 Mass. 374. *Thornton* v. *Illingworth*, 2 B. & C. 825-827. The declaration was not upon an account stated; but the account and the notes therein referred to were used as evidence in support of the money counts. The items of interest must

relate to the date when the principal fell due, which was before the insolvent law took effect.

BIGELOW, J. Of the many exceptions to the rulings of the court, which were taken by the plaintiff in review on the trial of this case, the only one upon which he now insists is the refusal of the court to rule that the discharge of the plaintiff (the defendant in the original action) under the insolvent laws of the Commonwealth constituted a good bar to the claims of the defendants in review. The decision of this question, in our judgment, turns upon the single inquiry as to the nature of the demand upon which the original suit was brought by the present defendants in review.

Upon reference to the record of the proceedings in the present case, we are satisfied that the action was brought upon the notes given or indorsed by A. Durant & Company, of which firm Foster, the original defendant, was a copartner. This is made apparent by various considerations. In the first place, the specification of defence filed by Foster sets up the statute of limitations as a bar to the plaintiff's claim, and specifies " said notes " as having been adjusted and settled. This defence could not have been applicable to the account current between R. G. Shaw & Co. and the firm of A. Durant & Co. as an account stated ; because it was made up and signed by Foster within six years prior to the commencement of the action, as shown by its date ; and because the defence was in terms to the notes as the ground of action, and not to the account. The account current, signed by Foster, and by which he acknowledges the balance shown by said account to be due, was used, not as the substantive ground of action in the original suit, but only as an answer to the defence of the statute of limitations made by Foster to the notes, and for the purpose of proving a new promise. This is clearly shown by the fact that the plaintiff in review sought on the trial to avoid its effect as an acknowledgment of the original indebtment on the notes, upon the ground that it was signed by him alone, and not by all the members of the firm of A. Durant & Co.

But another and more decisive proof of the cause of action

relied on in the original suit is found in the fact, that although the declaration in the original writ contains most of the common money counts, it does not include the one which is adapted to an account stated between the parties. 1 Chit. Pl. (6th Amer. ed.) 375. We think it clear therefore that the plaintiff brought his action on the notes upon which the original defendant was liable; and that the defendant pleaded to that action accordingly, by setting up the statute of limitations. To this plea the original plaintiff replied the new promise, and offered the account stated in proof thereof.

It follows as a necessary consequence that the discharge of Foster was no bar to a suit on the notes, because they all bear date prior to the 1st day of August 1838, and are therefore not within the provisions of the insolvent act of 1838, *c.* 163, §§ 6, 26, by which a debtor is discharged from all debts founded on any contract made by him after that date.

It is the well settled law of this commonwealth, that a new promise, by which a debt is taken out of the operation of the statute of limitations, does not create a new and substantive cause of action, but operates only as a waiver of a defence which the law had furnished him to an old promise, and a removal of the statute bar. It is the original debt, which constitutes the ground of action, and forms the basis of a judgment. *Ilsley* v. *Jewett,* 3 Met. 439. *Way* v. *Sperry,* 6 Cush. 241, 242. The former case is, in many respects, strikingly analogous to the case at bar.

For these reasons, we think the original debt was not discharged by the proceedings under the insolvent laws on the application of Foster, because it was contracted before the original insolvent act went into operation; and the ruling of the court below on this point was correct. *Exceptions overruled.*